524

**Stephen DAVIS, Plaintiff–Appellant,**

v.

**THE NEW YORK CITY TRANSIT
AUTHORITY ("NYCTA"),
Defendant–Appellee.**

No. 02–9166.

United States Court of Appeals,
Second Circuit.

Sept. 8, 2003.

Stephen E. Davis, III, Brooklyn, NY,
pro se.

Richard Schoolman, New York City
Transit Authority, Brooklyn, NY, for Appellees.

PRESENT: MESKILL, MINER and
STRAUB, Circuit Judges.

*SUMMARY ORDER*

Plaintiff–Appellant Stephen Davis ("Davis"), *pro se,* appeals from a judgment of the United States District Court for the Eastern District of New York (Edward R. Korman, *Chief Judge* ) dismissing Davis's employment discrimination claims for failure to file a timely complaint with the Equal Employment Opportunity Commission ("EEOC"). *See* 42 U.S.C. §§ 2000e–5(e)(1), (f)(1) & 12117(a).

We review the District Court's dismissal of claims under Rule 12(b)(6) *de novo, see Zerilli–Edelglass v. New York City Transit Auth.,* 333 F.3d 74, 79, 81 (2d Cir.2003), and its decision to deny equitable tolling for abuse of discretion. *See id.* at 81.

Davis largely concedes on appeal that he failed to file a timely EEOC complaint. However, Davis argues that he is entitled to equitable tolling because he was unable to file a timely complaint due to physical and mental illness. Although such tolling may be appropriate "where a plaintiff's medical condition or mental impairment prevent[s][him] from proceeding in a timely fashion," it is only appropriate if the plaintiff "has acted with reasonable diligence during the time period [he] seeks to have tolled." *Id.* at 81 (citations and internal quotation marks omitted). In denying equitable tolling, the District Court noted that Davis's claims of physical and mental incapacity were fatally undermined by Davis's own testimony at his N.Y. Gen. Mun. Law § 50–H hearing. At the § 50–H hearing, Davis testified that he was able to attend a two-month training course, hold several different jobs, and pursue multiple legal actions during the period of his alleged incapacity. Given this testimony, we find no abuse of discretion in the District Court's denial of equitable tolling.

We further reject Davis's argument, raised for the first time on appeal, that he never received actual notice of termination. Not only does this claim contradict the allegations in Davis's amended complaint., but it also appears that Davis signed a "Probationary Employee Exit Interview" form on May 7, 1998, indicating that he was aware of his termination.

We have also considered Davis's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the District Court.