Gladys GREY, Appellant,

v.

## PROMENADE REHABILITATION AND CARE CENTER, Appellee.

No. 05–0456–CV.

United States Court of Appeals, Second Circuit.

Oct. 13, 2005.

[*] The Honorable Edward R. Korman, Chief Judge of United States District Court for the Eastern District of New York, sitting by designation.

Gladys Grey, Elmont, New York, for Appellant, pro se.

Jonathan M. Kozak, Jackson Lewis LLP, White Plains, New York, for Appellee.

PRESENT: MESKILL, NEWMAN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court, dated January 6, 2005, and entered on the docket on January 10, 2005, is hereby AFFIRMED.

*Pro se* plaintiff Gladys Grey appeals the dismissal with prejudice of her complaint suing defendant Promenade Rehabilitation and Care Center for employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e–17; the Americans with Disabilities Act of 1990 ("ADA"), *id.* §§ 12112–12117; and the New York Human Rights Law, N.Y. Exec. Law §§ 290–30. We assume the parties' familiarity with the facts and the record of prior proceedings, which we discuss only as necessary to explain our decision.

Plaintiff filed her complaint with the district court on February 10, 2004, but apparently never served a copy on the defendant. On March 22, 2004, the district court *sua sponte* dismissed Grey's complaint on the ground that she had failed to obtain a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"), a statutory prerequisite to suit under both Title VII and the ADA. *See* 42 U.S.C. §§ 2000e–5(e)(1), 12117(a); *NAACP v. Town of East Haven*, 259 F.3d 113, 115 n. 4 (2d Cir.2001); *see also Zeril-*

*li–Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 76–77 (2d Cir.2003). The district court specifically noted that its dismissal was "without prejudice" to plaintiff filing an amended complaint within thirty days indicating receipt of the necessary right-to-sue letter. *Grey v. Promenade Rehabilitation and Care Ctr.*, CV 04–0706(ADS) Memorandum of Decision and Order at 3–4 (Mar. 22, 2004) (hereafter "March 22 Order"). At the same time, however, it expressly warned plaintiff that a "[f]ailure to file within this period of time will render the dismissal of [the Title VII and ADA] claims to be with prejudice." *Id.* at 5. Grey did not file an amended complaint within the prescribed time, nor did she explain her failure to do so. Accordingly, approximately eight months later, on January 5, 2005, the district court ordered the entry of a judgment dismissing the case "with prejudice." *Grey v. Promenade Rehabilitation and Care Ctr.*, CV 04–0706(ADS) Memorandum of Decision and Order at 2 (Jan. 5, 2005) (hereafter "January 5, 2005 Order"). It is from that judgment, entered on January 10, 2005, that Grey appeals, though she points us to no particular error by the district court.

We review the district court's dismissal of Grey's complaint *de novo, see Zerilli–Edelglass v. New York City Transit Auth.*, 333 F.3d at 79, and the district court's decision to dismiss with prejudice for abuse of discretion, *see Grain Traders, Inc., v. Citibank, N.A.*, 160 F.3d 97, 106 (2d Cir.1998) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). We can identify no error in the district court's opinion under either standard. It is plain from the face of Grey's complaint that she filed her federal suit without having received a right-to-sue letter from the EEOC. After the district

court's March 22, 2004 Order, which afforded Grey thirty days to cure this defect and to amend her pleadings, plaintiff apparently did nothing, despite the explicit warning that the consequence of inaction would be the dismissal of her complaint with prejudice. She offered no explanation for this omission either in the district court or on appeal, and she has apparently still not secured a right-to-sue letter.

Although administrative exhaustion requirements may be waived to serve equity, the record in this case fails to show that Grey has ever made the sort of diligent, even if unsuccessful, effort to obtain a right-to-sue letter from the EEOC, that might warrant waiver. Under these circumstances, we conclude that, by January 2005, the district court reasonably ordered that Grey's complaint be dismissed with prejudice. *See generally In re American Express Co. S'holder Litig.*, 39 F.3d 395, 402 (2d Cir.1994) (affirming dismissal with prejudice where plaintiffs had amended their complaint twice before and did not seek leave to replead in the district court).

The judgment of dismissal with prejudice, entered on January 10, 2005, is hereby AFFIRMED.