10-0788-cv(L)
U.S. Securities and Exchange v. Universal Express, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

    At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 16th day of September, two thousand eleven.

Present:     ROBERT A. KATZMANN,
             DEBRA ANN LIVINGSTON,
             SUSAN L. CARNEY,
                          *Circuit Judges*.

_____

U.S. SECURITIES AND EXCHANGE COMMISSION,

             *Plaintiff-Appellee*,

             - v. -                          Nos. 10-0788-cv(L); 10-3647-cv(Con)

UNIVERSAL EXPRESS, INC., RICHARD A. ALTOMARE, CHRIS G. GUNDERSON, MARK S. NEUHAUS, SPIGA, LTD., TARUN MENDIRATTA,

             *Defendants*,

GEORGE J. SANDHU,

             *Defendant-Appellant*.

_____

For Plaintiff-Appellee:              Mark D. Cahn, General Counsel (Michael A. Conley,
                                     Deputy Solicitor, Luis de la Torre, Senior Litigation
                                     Counsel, Catherine A. Broderick, Counsel to the

                                              Assistant General Counsel, *on the brief*), U.S.
                                              Securities and Exchange Commission, Washington,
                                              D.C.

For Defendant-Appellant:                      Kevin J. Nash, Goldberg Weprin Finkel Goldstein LLP,
                                              New York, NY

Appeal from the United States District Court for the Southern District of New York (Holwell, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant George J. Sandhu appeals from a judgment entered on January 11, 2010 by the United States District Court for the Southern District of New York (Holwell, *J.*), imposing disgorgement, prejudgment interest, and civil penalties against Sandhu in the total amount of $6,036,117. Plaintiff-Appellee Securities and Exchange Commission ("SEC") brought a civil enforcement action against the defendants for, *inter alia*, offering and selling 142 million shares of unregistered securities of Universal Express, Inc. ("Universal"), in violation of Section 5 of the Securities Act of 1933, 15 U.S.C. § 77e, and for engaging in a scheme to defraud investors by falsely inflating the value of that stock, in violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5. Sandhu entered into a consent agreement filed on November 26, 2007, in which he neither admitted nor denied the SEC's allegations and agreed, *inter alia*, to be permanently enjoined from participating in any offering of penny stock. The consent agreement also deemed him liable for disgorgement and prejudgment interest and for civil penalties. The district court (Lynch, *J.*) set the amount of disgorgement at $4,064,058, with prejudgment interest of

2

$1,472,059, and imposed a civil penalty of $500,000.  On appeal, Sandhu argues that (1) the amount of disgorgement was improperly calculated; (2) the imposition of joint and several liability was inappropriate because Sandhu did not have sole authority over Spiga, Ltd. ("Spiga"), nor did he have a sufficiently close relationship with Target Growth Fund Ltd. ("Target"), and therefore the entire amount of disgorgement cannot be imputed to him; and (3) the district court erred by not holding an evidentiary hearing to determine the disgorgement amount.  We assume the parties' familiarity with the facts and procedural history of the case.

The district court determined "[i]n light of the allegations contained in the complaint, and the findings of fact contained in the Court's February 2007 Opinion and Order, the SEC has established that Sandhu's illegal trading activity generated proceeds of $4,064,058."  J.A. 524. Although Sandhu argues that this amount should be reduced by $2.6 million to reflect a transfer from Spiga to Universal, this argument is without merit.  First, the SEC needed to provide only a reasonable approximation of the profits gained from the illegal activity.  *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1474-75 (2d Cir. 1996) ("The district court has broad discretion . . . in calculating the amount to be disgorged.").  Second, as the district court concluded, Sandhu has failed to show that the transfer reflected a direct transaction cost that could be subtracted from the disgorgement amount.  *See, e.g.*, *SEC v. McCaskey*, No. 98 Civ. 6153, 2002 WL 850001, at *4 (S.D.N.Y. Mar. 26, 2002) ("Courts in this Circuit consistently hold that a court may, in its discretion, deduct from the disgorgement amount any direct transaction costs . . . that plainly reduce the wrongdoer's actual profit."); *see also* J.A. 521-22; 525.  We therefore find no abuse of discretion in the district court's calculation of the disgorgement amount.

With respect to Sandhu's claim that he did not alone control Spiga, the complaint specifically alleged that Sandhu had control over Spiga and exercised authority over the brokerage accounts in its name, and Sandhu admitted the truth of the allegations in the complaint for the purposes of determining the disgorgement amount and the imposition of civil penalties. With respect to Sandhu's claim that he did not have a sufficiently close relationship with Target, the complaint alleged that Sandhu and Target collaborated to draft letters that were used as the basis for false press releases to boost the price of Universal Express shares. Further, the district court found that "Sandhu's position as Target's investment advisor furnished him with substantial influence over the nature and timing of Target's sale of securities . . . , including Universal Express shares, [thus,] Sandhu and Target jointly collaborated in the securities violations arising from the sale of the Universal Express shares themselves." J.A. 525. Hence, his argument that the SEC has not adequately demonstrated that the proceeds should be attributed to him is unavailing.

Finally, Sandhu's argument that he was unable to challenge the amount of disgorgement because the district court failed to hold an evidentiary hearing is waived on appeal. Sandhu did not request an evidentiary hearing below, and "it is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994). Even assuming Sandhu's argument were not waived, he has not indicated what, if any, evidence he would have presented at an evidentiary hearing that he did not include as part of the motion practice below that would have altered the district court's calculations.

4

We have considered Sandhu's remaining arguments and find them to be without merit.

Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK