11-1937-cv
SEC v. Blech

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of November, two thousand twelve.

Present:
> AMALYA L. KEARSE,
> ROBERT A. KATZMANN,
> > *Circuit Judges*,
> JOHN GLEESON,
> > *District Judge*.[*]

—————————————————————————

SECURITIES AND EXCHANGE COMMISSION,

> *Plaintiff-Appellee*,

> v.                                                     No. 11-1937-cv

RICHARD JONATHAN BLECH,

> *Defendant-Appellant*.

—————————————————————————

[*] The Honorable John Gleeson, United States District Judge for the Eastern District of New York, sitting by designation.

| For Plaintiff-Appellee: | BENJAMIN L. SCHIFFRIN, Senior Counsel (Mark Pennington, Assistant General Counsel, Jacob H. Stillman, Solicitor, Michael A. Conley, Deputy General Counsel, Mark D. Cahn, General Counsel, *on the brief*), Securities and Exchange Commission, Washington, D.C. |
|---|---|
| For Defendant-Appellant: | JONATHAN SAVELLA, Law Office of Marc Fernich, New York, N.Y. |

Appeal from the United States District Court for the Southern District of New York (Sweet, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Richard Blech appeals a judgment entered March 14, 2011, by the United States District Court for the Southern District of New York (Sweet, *J.*) ordering him to disgorge approximately $11 million in ill-gotten gains, and pay approximately $10 million in prejudgment interest. The district court's disgorgement and prejudgment interest awards followed Blech's criminal conviction for operating a massive Ponzi scheme in his capacity as President and Chief Executive Officer of Credit Bancorp, Ltd. ("Credit Bancorp"), which resulted in losses of over $188 million to Credit Bancorp's investors. *See United States v. Blech*, No. 02-cr-122(JGK) (S.D.N.Y. June 15, 2005). We presume the parties' familiarity with the facts and procedural history of this case, as well as with the issues on appeal.

"It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *In re Nortel Networks Corp. Secs. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008) (per curiam) (alterations and quotation marks omitted); *see also Katel Ltd. Liab. Co. v. AT&T Corp.*, 607 F.3d 60, 68 (2d Cir. 2010) ("An argument raised for the first time on

appeal is typically forfeited."); *Wal–Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 124 n.29 (2d Cir. 2005) ("The law in this Circuit is clear that where a party has shifted his position on appeal and advances arguments available but not pressed below, . . . waiver will bar raising the issue on appeal." (alteration in original) (internal quotation marks omitted)). "Nevertheless, because this rule is prudential, not jurisdictional, we have discretion to consider waived arguments" and will do so "where necessary to avoid a manifest injustice." *Allianz Insur. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005) (internal quotation marks and citation omitted); *see SEC v. Palmisano*, 135 F.3d 860, 863 (2d Cir. 1998) (An "unpreserved issue will normally be considered only when we think it necessary to remedy an obvious injustice." (internal quotation marks omitted)). However, "the circumstances normally do not militate in favor of an exercise of discretion to address new arguments on appeal where those arguments were available to the parties below and they proffer no reason for their failure to raise the arguments below." *Nortel*, 539 F.3d at 133 (internal quotation marks and alterations omitted).

Here, Blech argues that the district court miscalculated the amount of the disgorgement award, and that prejudgment interest should not be imposed on the entire disgorgement amount. Blech did not raise either of these arguments below even though they were available to him. The SEC's motion contained proposed disgorgement figures that included the assets in dispute on appeal and measured prejudgment interest by reference to the entire disgorgement award. Accordingly, these arguments are forfeited. *See SEC v. Universal Express, Inc.*, 438 F. App'x 23, 26 (2d Cir. 2011) (summary order) (finding appellant's argument "that he was unable to challenge the amount of disgorgement because the district court failed to hold an evidentiary hearing" forfeited because he "did not request an evidentiary hearing below").

3

Moreover, we see no "manifest injustice" in declining to consider Blech's forfeited arguments on appeal. Blech does not dispute that the arguments were available to him below. While Blech represented himself *pro se* before the district court on the disgorgement motion, forfeiture rules generally apply to *pro se* litigants. *See Zerilli-Edelgalss v. N.Y.C. Transit Auth.*, 333 F.3d 74, 76 n.2, 80 (2d Cir. 2003) (applying "'the general rule, . . . that a federal appellate court does not consider an issue not passed on below'" (quoting *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)), in holding that the plaintiff who had proceeded *pro se* in the district court "forfeited" appellate review of a contention she did "not argue before the District Court"). In addition, Blech is a highly sophisticated former President and CEO of a financial services company, and there is every indication that he had the financial means to afford counsel below. Notably, he had counsel in prior proceedings before the district court and on the instant appeal. Finally, we find unconvincing Blech's contention that "the sheer size of the [disgorgement] award merits the Court's intervention to avoid 'manifest injustice,'" Appellant's Br. at 11 n.7. The size of the disgorgement amount arises from the massive nature of Blech's fraud; it is not a factor that supports the grant of special solicitude to raise forfeited arguments on appeal.

We have considered all of Blech's other arguments on appeal and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK