Setevage v. Department of Homeland Security

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of September, two thousand thirteen.

PRESENT:
> John M. Walker, Jr.,
> Debra Ann Livingston,
> Denny Chin,
> > *Circuit Judges.*

———————————————————

John Setevage,

> *Plaintiff-Appellant*,

> v.                                                     12-1819

Department of Homeland Security,
Transportation Security Administration,
Federal Air Marshall Service,

> *Defendants-Appellee*s.

———————————————————

FOR PLAINTIFF-APPELLANT:            John Setevage, *pro se*, Gales Ferry, CT.

FOR DEFENDANTS-APPELLEES: David C. Nelson, Carolyn A. Ikari, Sandra S. Glover, Assistant United States Attorneys, *for* David B. Fein, United States Attorney for the District of Connecticut, Hartford, CT.

Appeal from the judgment of the United States District Court for the District of Connecticut (Fitzsimmons, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant John Setevage, *pro se*, appeals from the judgment of the district court granting the defendants' summary judgment motion in Setevage's discrimination action brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et. seq.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

We review orders granting summary judgment *de novo. See Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003). "Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Id.* In determining whether there are genuine issues of material fact, we

are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Applying this framework, we conclude that the magistrate judge properly found that: (1) Setevage did not file a formal complaint of age discrimination with the Equal Employment Opportunity Commission ("EEOC"); (2) Setevage's February 6, 2008 notice of his intent to initiate a civil action in federal court was submitted to the EEOC more than 180 days after both the October 19, 2006 date on which Setevage received a letter informing him he had not been selected for the position and the June 29, 2007 closure date of the vacancy for which Setevage had applied; and (3) Setevage was not entitled to equitable tolling beyond the June 29, 2007 date because he did not present any arguments or evidence that extraordinary circumstances prevented him from exercising his rights after the June 2007 vacancy closure date. *See* 29 U.S.C. § 633a(d); *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (noting that, in order to be entitled

3

to equitable tolling, the litigant must both act "with reasonable diligence during the time period she seeks to have tolled" and "prove[ ] that the circumstances are so extraordinary that the doctrine should apply" (internal quotation marks omitted)).

On appeal, Setevage argues that the ADEA's 180-day time limit began to run at some point between September 19, 2007 and October 19, 2007, which, if applied, would make his February 6, 2008 notice of intent to file a civil action timely. As an initial matter, Setevage did not raise this argument below and we generally refrain from passing on issues not presented to the district court. *See, e.g.*, *Virgilio v. City of New York*, 407 F.3d 105, 116 (2d Cir. 2005).

Even if we were to consider Setevage's current argument, moreover, we would find it to be without merit. First, as the Appellees correctly note, the district court was entitled to rely on Setevage's deposition testimony that he "would have started [the discrimination complaint process] in July of 2007" because the vacancy for the position for which he had applied closed on "June 29, 2007." See Fed. R. Civ. P. 56(c)(1)(A) (stating that a party may support its position that facts are not in dispute by citing to, *inter alia*, depositions). In addition, to the extent that Setevage now argues that his deposition testimony

4

regarding the date on which he learned of the vacancy closure was incorrect, we have held that a party may not seek to create an issue of material fact to defeat a summary judgment motion, by "denying his previously sworn statements." *Heil v. Santoro*, 147 F.3d 103, 110 (2d Cir. 1998); *see also Trans-Orient Marine Corp. v. Star Trading & Marine, Inc.*, 925 F.2d 566, 572-73 (2d Cir. 1991) ("The rule is well-settled in this circuit that a party may not, in order to defeat a summary judgment motion, create a material issue of fact by submitting an affidavit disputing his own prior sworn testimony.").

Second, in his counter-statement of material facts, his response to the defendants' statement of material facts, and his memorandum of law — all of which were submitted through counsel — Sevetage specifically admitted that he learned that he would not be hired as a Federal Air Marshal on the June 29, 2007 vacancy closure date. These assertions of fact constitute judicial admissions to which Setevage remains bound, *see Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*, 757 F.2d 523, 528-29 (2d Cir. 1985) ("A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding."), and his complaints about his attorney's performance do not alter this conclusion, *see, e.g., Bergerson v. New York State Office of Mental Health*, 652

5

F.3d 277, 289 (2d Cir. 2011) ("[A]ll litigants are bound by the concessions of freely retained counsel." (internal quotation marks omitted)).

We have considered all of Setevage's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk