12-4283-cv
Cho v. City of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand thirteen.

Present:
        ROBERT A. KATZMANN,
                *Chief Judge*,
        RALPH K. WINTER,
        GUIDO CALABRESI,
                *Circuit Judges*.

_____

MINGGUO CHO,

        *Plaintiff-Appellant*,

        v.                                                          No. 12-4283-cv

CITY OF NEW YORK, DEPARTMENT OF BUILDINGS,

        *Defendants-Appellees*.

_____

For Plaintiff-Appellant:          Brian P. Fredericks, Law Offices of Brian P. Fredericks, PC, Flushing, NY

For Defendants-Appellees:     Michael J. Pastor (Kristin Helmers, *on the brief*), Assistant Corporation Counsel, *for* Michael A. Cardozo, Corporation Counsel for the City of New York, New York, NY

Appeal from the United States District Court for the Southern District of New York (Crotty, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Mingguo Cho appeals from a September 26, 2012 judgment of the United States District Court for the Southern District of New York (Crotty, *J.*). That judgment enforced the district court's September 25, 2012 order adopting a magistrate judge's report and recommendation and granting summary judgment in favor of Defendants-Appellees the City of New York and the Department of Buildings ("DOB") on Cho's age discrimination and retaliation claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107. We assume the parties' familiarity with the relevant facts, the procedural history, and the issues presented for review.

Cho first challenges the magistrate judge's finding, adopted by the district court, that Cho's ADEA discrimination claim was untimely. This finding was based on the fact that Cho was informed that he had not been hired as a construction inspector on June 18, 2009, but he did not file his discrimination charge with the Equal Employment Opportunity Commission ("EEOC") until September 1, 2010, after the 300-day time limit established by 29 U.S.C. § 626(d) had expired. Cho raises two arguments in opposition to this conclusion: first, that the statute of limitations should run from May 14, 2010, instead of June 18, 2009, because that is the date on which he received final notice from the DOB that it would not hire him; and second, that the statute of limitations should be equitably tolled because the defendants' allegedly misleading actions caused his late filing and because he exercised reasonable diligence in pursuing

2

information on his application. "We review the question of the application of the relevant statute of limitations . . . *de novo*," *Novella v. Westchester Cnty.*, 661 F.3d 128, 143 (2d Cir. 2011), and "[w]e review a district court's decision to deny equitable tolling for abuse of discretion," *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 81 (2d Cir. 2003).

As to Cho's first argument, for claims based on discrete discriminatory acts, including a refusal to hire, a plaintiff must file his charge with the EEOC "within the . . . 300–day time period after the discrete discriminatory act occurred." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). It is clear here that Cho understood that he had been denied the construction inspector position as of June 18, 2009, when he was first informed that he had not been hired, making that the date that the alleged discrete discriminatory act occurred. Nor do Cho's efforts to obtain the assistance of New York City Councilman John Liu in seeking reconsideration of his already-denied application imply that the decision not to hire Cho was not final until he exhausted that process. *See Del. State Coll. v. Ricks*, 449 U.S. 250, 261 (1980) ("[T]he pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods."). Thus, the district court correctly found that Cho filed his claim after the statute of limitations had expired.

We also find that the district court did not abuse its discretion in refusing to apply equitable tolling to Cho's ADEA discrimination claim. Equitable tolling is appropriate where a plaintiff can show that he "(1) has acted with reasonable diligence during the time period [he] seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass*, 333 F.3d at 80–81 (internal quotation marks omitted). Because Cho fails to put forth any evidence of either reasonable diligence in pursuing his discrimination claim—rather than seeking reconsideration of his application—or of extraordinary circumstances that prevented him from filing his claim, he has not met his burden.

3

Thus, we affirm the district court's decision that Cho's ADEA discrimination claim was time-barred.

Cho next argues that the district court erred in granting summary judgment to the defendants on Cho's NYSHRL and NYCHRL claims on the alternate bases that Cho failed to establish a *prima facie* case of age discrimination and that, even if Cho had satisfied his *prima facie* burden, he failed to show that the defendants' neutral reason for their decision not to hire him—that the DOB was subject to budgetary constraints at the time Cho applied and therefore was appointing only current DOB employees as construction inspectors—was pretextual. "We review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 113 (2d Cir. 2005). "We will affirm the judgment only if there is no genuine issue as to any material fact, and if the moving party is entitled to a judgment as a matter of law." *Id.*

"To establish a *prima facie* case of age discrimination, a plaintiff must show four things: (1) he is a member of the protected class; (2) he is qualified for his position; (3) he has suffered an adverse employment action; and (4) the circumstances surrounding that action give rise to an inference of age discrimination." *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir. 2001) (footnote omitted). For purposes of this appeal, it is uncontested that Cho meets the first three elements of this test. As for the fourth, Cho argues that age discrimination can be inferred from the following circumstances: (a) the DOB hired younger candidates who obtained lower scores on the civil service examination; (b) there were "irregularities and discrepancies" leading to the removal of Cho from the eligibility list, in that, according to Cho, the defendants' claim that Cho was removed from consideration pursuant to its "one-in-three" policy is conclusory and unsupported by the record; and (c) the DOB failed to give Cho formal notice and

4

refused to provide any explanation for why he was not selected for the position of construction inspector, suggesting that discrimination was the true reason. However, the facts that only five of the thirty-one candidates hired by the DOB scored lower than Cho and that four of the hired applicants were older than Cho undermine Cho's argument that an inference can be drawn from the DOB's decision to hire younger, lower-scoring candidates. Nor is there any evidence in the record, beyond Cho's conclusory assertions, to suggest that there were any "irregularities" in the use of the one-in-three policy by which Cho was removed from consideration. Finally, without more, the fact that the DOB did not provide a reason for not hiring Cho does not give rise to an inference that the unstated reason was discriminatory. Accordingly, we find that Cho failed to establish a *prima facie* case of age discrimination, and therefore we affirm the district court's grant of summary judgment.[1]

We have considered Cho's remaining arguments and find them to be without merit.[2] For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[1] Although Cho fails to raise this issue on appeal, we note that the district court may have erred in failing to conduct a separate analysis of Cho's NYCHRL discrimination claim. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013). However, we affirm the district court's grant of summary judgment nonetheless because Cho failed to set forth *any* evidence supporting an inference of age discrimination, and therefore, regardless of the standard applied, summary judgment was appropriate.

[2] Cho does not challenge the district court's grant of summary judgment in favor of the defendants on his retaliation claims, so we treat those claims as abandoned. *See Jackler v. Byrne*, 658 F.3d 225, 233 (2d Cir. 2011).

5