**Teresa ZERILLI–EDELGLASS, Plaintiff–Appellant,**

v.

**NEW YORK CITY TRANSIT AUTHORITY and Manhattan and Bronx Surface Transit Operating Authority, Defendants–Appellees.**

**Docket No. 01–7641.**

United States Court of Appeals, Second Circuit.

Argued: March 10, 2003.

Decided: June 17, 2003.

As Amended: July 29, 2003.

---

Ryan M. Philp and Kevin J. Doyle (Jon Romberg, on the brief), Seton Hall University School of Law Center for Social Justice, Newark, NJ, for Plaintiff–Appellant.

Richard Schoolman, Office of the General Counsel, New York City Transit Authority, Brooklyn, NY, Defendants–Appellees.

Before: MESKILL, CARDAMONE and CABRANES, Circuit Judges.

JOSÉ CABRANES, Circuit Judge.

Plaintiff Teresa Zerilli–Edelglass appeals from an April 19, 2001 judgment of the United States District Court for the Eastern District of New York (Nina Gershon, *Judge*), dismissing her claims of discrimination on the basis of sex and disability. The District Court granted defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") after it concluded that plaintiff failed to state a claim as a result of her failure to file a formal complaint with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the allegedly discriminatory act, as required by statute. *See* 42 U.S.C. §§ 2000e–5(e)(1), (f)(1) & 12117(a).[1]

The District Court rejected plaintiff's argument that her February 4, 2000 letter to the EEOC was a timely-filed charge.[2] The Court held that the "[February 4, 2000] letter was not written under oath, as required by the ADA [Americans with Disabilities Act] and Title VII" and that "it [was] clear from the letter that plaintiff was not filing a complaint, but rather was 'writing to inquire about the procedures regarding retaliation complaints, namely whether [she was] required to file a formal complaint with the EEOC.'" *Zerilli–Edelglass v. New York City Transit Authority*, No. 00 Civ. 6393(NG), at 5 (E.D.N.Y. Apr. 16, 2001) (quoting Letter

1. 42 U.S.C. § 2000e–5(e)(1) states in relevant part:

    (1) A charge ... in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice ... shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred ....

    42 U.S.C. § 2000e–5(f)(1) states in relevant part:

    [If] the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice.

    42 U.S.C. § 12117(a) states in relevant part:

    The powers, remedies, and procedures set forth in section[] ... 2000e–5 ... of this title shall be the powers, remedies, and procedures this subchapter provides to ... any person alleging discrimination on the basis of disability in violation of any provision of this chapter ... concerning employment.

2. Plaintiff appeared *pro se* before the District Court, but was represented by appointed counsel on appeal to our Court.

from Zerilli–Edelglass to EEOC of 2/4/00) (citations omitted). The District Court also rejected plaintiff's argument that equitable tolling of the 300–day limitations period for filing was warranted. Finally, the Court held that Zerilli–Edelglass failed to file a civil complaint within ninety days of receipt of a right-to-sue letter, as required by 42 U.S.C. §§ 2000e–5(f)(1)[3] and 12117(a), *see* note 4, *post* when she mailed the complaint on the eighty-ninth day but it was not received by the Clerk's Office of the District Court for the Eastern District of New York ("Clerk's Office") until the ninety-sixth day. The Court declined to reach the question of whether the ninety-day deadline should be equitably tolled. Plaintiff renews her arguments on appeal.

## I.

### A.

The record reveals the following undisputed facts. On October 26, 2000, plaintiff brought an action against defendants New York City Transit Authority and Manhattan and Bronx Surface Transit Operating Authority ("MaBSTOA"),[4] alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.*, and disability discrimination in violation of Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §§ 12112–12117. She also alleged that she was fired in retaliation for her successful litigation in *Zerilli v. New York City Transit Authority*, 973 F.Supp. 311 (E.D.N.Y. 1997), *aff'd as modified, Zerilli v. New York City Transit Authority*, 162 F.3d

1149, 1998 WL 642465 (2d Cir.1998) (unpublished summary order) (remanding for a reduction in back pay and attorneys' fee award); *Zerilli v. New York City Transit Authority*, No. 94 Civ. 5495(NG), 1998 WL 307019 (E.D.N.Y. May 1, 1998) (entering a modified judgment). Defendants moved to dismiss the complaint as untimely under Rule 12(b)(6) on the grounds that plaintiff neither filed a charge with the EEOC within 300 days of the alleged unlawful employment practices, as required by 42 U.S.C. §§ 2000e–5(e)(1) and 12117(a), nor filed a civil complaint within ninety days of receiving a right-to-sue letter, as required by 42 U.S.C. §§ 2000e–5(f)(1) and 12117(a).

Plaintiff's claims in the instant action arise out of events that took place after her prior successful legal action in *Zerilli v. New York City Transit Authority*, 973 F.Supp. 311. In that action, after a jury found in plaintiff's favor on her Title VII and state law sex discrimination and retaliation claims, the District Court entered an order on May 30, 1997 that required the TA to promote plaintiff to the position of Manager, Analytical Support in the Department of Buses. *Id.* at 318. On June 20, 1997, the TA formally offered plaintiff that position, but plaintiff, who had been absent from her former position since March 8, 1997, did not report for this management position because of an alleged job-related illness.

For approximately two years following the TA's employment offer of a managerial position, plaintiff did not return to work; instead she claimed, and ultimately secured, long-term disability benefits as well as Social Security Disability Insurance

---

3. 42 U.S.C. § 2000e–5(f)(1) states in relevant part

[If] the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against

the respondents named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charges was aggrieved by the alleged unlawful employment practice.

4. Defendant MaBSTOA is a subsidiary of defendant New York City Transit Authority, and plaintiff's actual employer. The two defendants will be collectively referred to as "TA."

benefits. The TA sent plaintiff a letter dated May 20, 1999, bearing the caption "Re: INTENT TO TERMINATE NOTIFICATION" which stated, "you are hereby notified that, pursuant to policy under which non-represented MaBSTOA employees with one (1) year cumulative absence or greater are covered, your services will be terminated effective July 20, 1999." Plaintiff confirms that she received the letter on May 28, 1999. She also received a letter on July 27, 1999 bearing the caption, **"NOTICE OF TERMINATION"** which was dated July 20,1999. Under TA policy, an employee may be terminated if she is medically unable to work for one or two years, depending on her union status.

Plaintiff attempted to file a "complaint" with the TA's Equal Employment Opportunity Department ("EEO") on October 10, 1999, but in January 2000, she wrote a letter to the EEO stating that "it has come to my attention that an internal complaint may be unnecessary" and that she wanted the EEO to "put [her] internal complaint on 'hold[.]'" On February 4, 2000, she wrote a letter to the EEOC requesting information regarding the process for filing a complaint with that agency.

Dorothy Crump, an EEOC investigator, responded to plaintiff's request in a letter dated February 10, 2000, stating that the EEOC had not been able to reach plaintiff by phone because she had an unlisted number and informing plaintiff that she was required by law to file a complaint within 300 days of the allegedly discriminatory act. Plaintiff alleges that she made more than twelve calls to Crump, who did not timely respond. Eventually plaintiff contacted Crump's supervisor, Rosemary Wilkes, and signed an EEOC "Charge of Discrimination" form on May 19, 2000. In a letter dated January 16, 2001, Wilkes explained that plaintiff's February 4, 2000 letter had been received on February 7, 2000, but that "due to an oversight on our part, it was not processed until or about May, 2000."

Plaintiff received a "Dismissal and Notice of Rights" letter (a so-called "right-to-sue letter") from the EEOC on July 21, 2000. Eighty-nine days later, on October 18, 2000, plaintiff mailed the complaint in the instant lawsuit to the Clerk's Office. The Eastern District of New York Pro Se Office received the complaint on October 21, 2000, ninety-two days after plaintiff had received a right-to-sue letter. The complaint was officially filed by the Clerk's Office on October 25, 2000, ninety–six days after plaintiff received the right–to–sue letter. Plaintiff therefore missed the statutory ninety-day filing deadline. *See, e.g., United States v. White*, 980 F.2d 836, 845 (2d Cir.1992) (holding that filing requires delivery of papers into the actual custody of the Clerk of the Court); *see also McIntosh v. Antonino*, 71 F.3d 29, 36 (1st Cir. 1995) (same); *Koch v. Ricketts*, 68 F.3d 1191, 1192 (9th Cir.1995)(same); *United States v. Doyle*, 854 F.2d 771, 773 (5th Cir.1988) (same); *Torras Herreria y Construcciones, S.A. v. M/V Timur Star*, 803 F.2d 215, 216 (6th Cir.1986) ("Filings reaching the clerk's office after a deadline are untimely, even if mailed before the deadline."); *Haney v. Mizell Memorial Hospital*, 744 F.2d 1467, 1472 (11th Cir. 1984) (same); Fed.R.Civ.P. 5(e) ("The filing of papers with the court as required by these rules shall be made by filing them with the clerk of [the] court . . . .").

### B.

In response to defendants' motion to dismiss, plaintiff argued that the 300–day period should be equitably tolled. Plaintiff claimed that equitable tolling should apply because the EEOC's "neglect and admitted failure to respond in a timely manner" unduly delayed its response to her February 4, 2000 letter, or alternatively, because plaintiff suffers from a mental impairment. She also argued that the ninety-day period for filing a complaint with the District Court should be equitably tolled.

The District Court held that plaintiff's February 4, 2000 letter to the EEOC was not a formal complaint, as required by 42

U.S.C. § 2000e–5(b),[5] because it was not a sworn statement. The Court also held that plaintiff was not entitled to equitable tolling because she had not diligently pursued her claims after she received the letter on May 28, 1999 informing her of the termination of her employment. Noting that plaintiff apparently was capable of writing coherent letters on her own behalf as well as making numerous phone calls to Crump during the time period in question, it also held that "nothing in her papers evidences how these [mental] impairments, however distressing, had any negative impact on her capacity to file the EEOC charge in a timely manner." *Zerilli–Edelglass,* No. 00 Civ. 6393(NG) slip op. at 6 (E.D.N.Y. filed April 16, 2001). Having determined that plaintiff's February 4, 2000 letter was not a formal or proper complaint under the statute, and that plaintiff's May 19, 2000 formal complaint was untimely under the 300–day filing deadline because it was filed 357 days after the allegedly discriminatory conduct (*i.e.,* the TA's letter dated May 20, 1999, informing plaintiff that she would be fired on July 20, 1999, *see ante* at 3493), the Court declined to address plaintiff's additional claim that the ninety-day filing deadline should also be equitably tolled.

This timely appeal followed.

## II.

■ We review a judgment dismissing a complaint pursuant to Rule 12(b)(6) *de*

novo. *See, e.g., Flaherty v. Lang,* 199 F.3d 607, 612 (2d Cir.1999). Dismissal under Rule 12(b)(6) is only appropriate if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotation marks and citation omitted).

### A.

■ Plaintiff's threshold argument raised for the first time on appeal, is that the District Court should have treated the unsworn February 4, 2000 letter of inquiry as a formal EEOC complaint filed within the 300–day limitations period. This stance on appeal directly contradicts her sworn statements before the District Court. Plaintiff argued in a reply memorandum before the District Court that "she in no way implied or stated that her February 4, 2000 letter to the EEOC is or should be treated as a charge, but instead, as she clearly demonstrated, she initially contacted the EEOC via this February 4th letter to inquire as to 'how to proceed.'" Pl.'s Reply Mem. Feb. 15, 2001 at 6. Indeed, in a declaration plaintiff submitted to the District Court, she stated under oath "I never stated nor implied that the February 4th letter was in lieu of or should be accepted as an official (or sworn) complaint but rather that I initially contacted the EEOC to inquire as to how I should go about filing a retaliation complaint and IF in fact it was necessary at all considering the previous litigation ...." Pl.'s Decl. of Feb. 15, 2001 ¶ 2.[6]

**5.** 42 U.S.C. § 2000e–5(b) states in relevant part that EEOC "[c]harges [claiming unlawful discrimination violative of Tide VII] shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." *See also* 42 U.S.C. § 12117(a) (stating that ADA employment discrimination procedures shall include those set forth at 42 U.S.C. § 2000e–5(b)).

**6.** Plaintiff argued before the District Court that the letter bearing the caption "intent to terminate notification" from MaBSTOA, which she received on May 28, 1999, was not the "clock-starter" but rather, that the correct dates for the beginning of the 300–day period were the retaliatory acts that allegedly were committed on an ongoing basis. In the alter-

Because plaintiff did not argue before the District Court that her February 4, 2000 letter was a formal EEOC complaint, she forfeited this argument. *See, e.g., United States v. Angell*, 292 F.3d 333, 337 (2d Cir.2002) (holding that, because *pro se* appellant had not raised particular argument before the District Court, "it [was] not properly before us"); *see also Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) ("It is the general rule, ... that a federal appellate court does not consider an issue not passed on below.").

**B.**

The record reveals that plaintiff's formal EEOC complaint was not filed until May 19, 2000—357 days after plaintiff received the "intent to terminate notification" from the TA on May 28, 1999. Therefore, plaintiff did not comply with the 300-day statutory period for filing. *See, e.g., Elmenayer v. ABF Freight Sys., Inc.*, 318 F.3d 130, 133–34 (2d Cir.2003)(quoting 42 U.S.C. § 2000e–5(e)(1).

▬ Plaintiff contends that, even if her complaint before the EEOC was untimely, equitable tolling is warranted. The filing deadline for the formal complaint is not jurisdictional and, like a statute of limitations, is subject to equitable tolling.

*See, e.g., Bruce v. United States Dep't of Justice*, 314 F.3d 71, 74 (2d Cir.2002); *Briones v. Runyon*, 101 F.3d 287, 290 (2d Cir.1996). However, equitable tolling is only appropriate "in [ ] rare and exceptional circumstance[s]," *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000) (internal quotation marks omitted), in which a party is "prevented in some extraordinary way from exercising his rights," *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir.1996) (internal quotation marks and alteration omitted).

▬ Equitable tolling is generally considered appropriate "where the plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time period," *Brown v. Parkchester S. Condos.*, 287 F.3d 58, 60 (2d Cir.2002) (internal quotation marks omitted); where plaintiff was unaware of his or her cause of action due to misleading conduct of the defendant, *see Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2d Cir.1985); or where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion, *see, e.g., Brown*, 287 F.3d at 60; *Canales v. Sullivan*, 936 F.2d 755, 758 (2d Cir.1991). When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has "acted with reasonable diligence during the time period she seeks to have tolled,"

native, plaintiff argued that the EEOC's failure to timely process her request for guidance and issue a right-to-sue letter resulted in unavoidable delays: Had the EEOC responded promptly, plaintiff asserts, she would have filed a timely formal complaint with the

EEOC. Pl.'s Decl. of Feb. 15, 2001 ¶ 2. Plaintiff claims that she is entitled to equitable relief because she was prejudiced in her ability to pursue her case as a result of the EEOC's failure to respond to her letter promptly.

and (2) has proved that the circumstances are so extraordinary that the doctrine should apply. *Chapman v. ChoiceCare Long Island Term Disability Plan,* 288 F.3d 506, 512 (2d Cir.2002).

The District Court declined to equitably toll the 300–day EEOC filing deadline because it found that plaintiff had failed to act with reasonable diligence throughout the time period she seeks to have tolled.

■ We review a district court's decision to deny equitable tolling for abuse of discretion.[7] *See Alli–Balogun v. United States,* 281 F.3d 362, 367–68 (2d Cir.2002); *Maurizio v. Goldsmith,* 230 F.3d 518, 520 (2d Cir.2000); *Dixon v. Shalala,* 54 F.3d 1019, 1031 (2d Cir.1995); *Kregos v. Associated Press,* 3 F.3d 656, 661 (2d Cir.1993); *State of New York v. Sullivan,* 906 F.2d 910, 917 (2d Cir.1990).

■ A review of the record reveals that plaintiff failed to act diligently when she did not pursue the filing of a formal complaint with the EEOC: She received the EEOC's February 10, 2000 letter informing her that she was required to file a formal complaint within 300 days of the

allegedly discriminatory act well within this 300 day period.[8] Accordingly, the District Court did not abuse its discretion in concluding that equitable tolling is not warranted in this case. *See e.g., South v. Saab Cars USA, Inc.,* 28 F.3d 9, 12 (2d Cir.1994) (holding that "a plaintiff's failure to act diligently is not a reason to invoke equitable tolling").

Plaintiff also argues that equitable tolling should be invoked to excuse the untimely filing of her complaint in the District Court. Like the District Court, we decline to consider this claim because we hold that dismissal was proper based on plaintiff's failure to file a timely formal complaint with the EEOC.

## CONCLUSION

For the reasons set forth above, the judgment of the District Court is affirmed.

No active judge sought en banc consideration of the case.

**7.** We are mindful that in *South v. Saab Cars USA, Inc.,* 28 F.3d 9 (2d Cir.1994), we indicated that the standard of review was *de novo.* That holding was inconsistent with the cases cited in the text. Accordingly, we have circulated a draft of this opinion to all active members of the Court prior to its publication.

**8.** Plaintiff received Crump's Letter of February 10, 2000 on February 14, 2000, 262 days after the allegedly discriminatory act.