Kalawati SINHA, Plaintiff–Appellant,

v.

NEW YORK CITY DEPARTMENT OF EDUCATION, Defendant–Appellee.

No. 04–3270.

United States Court of Appeals, Second Circuit.

April 8, 2005.

Kalawati Sinha, Rego Park, New York, for Appellant, pro se.

Alan Beckoff, Assistant Corporation Counsel, for Michael Cardozo, Corporation Counsel, New York, New York, for Appellee.

PRESENT: SOTOMAYOR, RAGGI, and HALL, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court, entered on April 29, 2004, dismissing plaintiff-appellant's complaint is hereby AFFIRMED.

Plaintiff-appellant Kalawati Sinha appeals from the dismissal of her Title VII complaint against defendant-appellee New York City Department of Education ("DOE") pursuant to Fed.R.Civ.P. 12(b)(6) on the grounds that she failed to file a discrimination claim with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the charged discrimination as required by law. *See* 42 U.S.C. § 2000e–5(e)(1); *see also Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 109, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). "We review dismissals pursuant to Rule 12(b)(6) *de novo,* and we will only affirm if we are satisfied that the plaintiff can prove no set of facts that would entitle her to relief on her claims." *Velez v. Levy,* 401 F.3d 75, 84 (2d Cir.2005). We assume the parties' familiarity with the facts and

the record of proceedings, which we reference only as necessary to explain our decision to affirm.

Preliminarily, we note that there is no dispute as to the fact that Sinha's EEOC claim was not filed within 300 days of the alleged discrimination. Sinha asserts that she suffered discriminatory termination of her employment with defendant on March 20, 2002. She did not file a discrimination complaint with the EEOC, however, until June 11, 2003, more than a year later. Nevertheless, as the district court recognized, "in [ ] rare and exceptional circumstance[s], in which a party is prevented in some extraordinary way from exercising [her] rights," equity can toll the 300–day filing limitation. *Zerilli–Edelglass v. New York City Trans. Auth.*, 333 F.3d 74, 80 (2d Cir.2003) (internal citations and quotation marks omitted) (first and second alterations in original); *see Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. at 113.

Sinha argued that she was entitled to equitable tolling because an EEOC investigator misled her about the operation of the 300–day filing period, advising her to contact the EEOC only after the conclusion of her grievance proceeding against DOE. *See Carlyle Towers Condo. Ass'n, Inc. v. FDIC*, 170 F.3d 301, 310 (2d Cir.1999) (recognizing that party's late filing might be excused if based on inaccurate advice from government official); *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir.1984) (observing that party's reliance on erroneous filing advice from

EEOC official "has been recognized as justification for equitable tolling"). After conducting an evidentiary hearing, at which both Sinha and the EEOC investigator offered conflicting testimony, the district court credited the latter's testimony, concluding that because Sinha had "most likely misunderstood" the investigator's filing directions "through no fault" of the investigator, "no extraordinary circumstance exists here to justify equitable tolling." *Sinha v. New York City Dep't of Educ.*, No. 03 CV 5353, 2004 WL 878000, 2004 U.S. Dist. LEXIS 7081, at *8 (E.D.N.Y. Apr. 26, 2004).[1]

We review a district court's denial of an application for equitable tolling for abuse of discretion. *See Zerilli–Edelglass v. New York City Trans. Auth.*, 333 F.3d at 81 (collecting cases). In so doing, we are mindful of the general principle that "we owe the District Court strong deference when reviewing findings based on credibility determinations." *United States v. Johnson*, 378 F.3d 230, 239 (2d Cir.2004). "Where . . . two witnesses have each told a 'coherent and facially plausible story that is not contradicted by extrinsic evidence,' the trial court's decision to credit one witness over the other, 'if not internally inconsistent, can virtually never be clear error.'" *Doe v. Menefee*, 391 F.3d 147, 164 (2d Cir.2004) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 575–76, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)). Applying these principles to this case, and having reviewed the transcript of the eviden-

---

1. The district court properly resolved the credibility dispute between the two witnesses because Sinha's equitable claim, i.e., that the EEOC had misled her regarding the filing limitation period, was wholly unrelated to her legal claim, i.e., that the DOE had terminated her based on her race, ethnicity, or national origin. *See generally* James Wm. Moore, 8 *Moore's Federal Practice—Civil* § 39.14[2][d] (2004) ("[W]here disposition of the equitable claim would make consideration of the legal

claim unnecessary, common sense dictates that the equitable claim be determined first."); 9 Charles A. Wright & Arthur R. Miller, 9 *Federal Practice and Procedure* § 2338 (1995) ("If legal and equitable issues are completely independent, so that the resolution of one will not control the resolution of the other, the trial court has discretion to decide the order of trial as a matter of administrative convenience.").

tiary hearing, we see no basis in the record to question the district court's credibility findings or to conclude that it abused its discretion in denying equitable tolling.

Accordingly, because plaintiff's failure to comply with the filing prerequisites of Title VII is undisputed, the judgment of the district court, entered on April 29, 2004, dismissing plaintiff-appellant's complaint is hereby AFFIRMED.