12-2928-cv
Zaltz v. Wells Fargo Home Mortgage

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of July, two thousand thirteen.

PRESENT:
        ROSEMARY S. POOLER,
        RAYMOND J. LOHIER, JR.,
        SUSAN L. CARNEY,
                *Circuit Judges.*

_____

LISA ZALTZ,

                *Plaintiff-Appellant*,

        v.                                                        12-2928-cv

WELLS FARGO HOME MORTGAGE,

                *Defendant-Appellee*.

_____


Appearing for Appellant:                Lisa Zaltz, *pro se*, Lawrence, NY

Appearing for Appellee:                 Mary Augusta Smith, Jackson Lewis LLP,
                                        White Plains, NY

Appeal from an order of the United States District Court for the Southern District of New York (Jones, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Lisa Zaltz, proceeding *pro se*, appeals the district court's order denying her reconsideration motion. Zaltz had brought a state law breach of contract and wrongful termination action, which the district court had construed as also brought pursuant to Title VII, and on which the district court had granted Wells Fargo Home Mortgage's motion for summary judgment. The district court construed the instant motion as a motion for reconsideration of the grant of summary judgment pursuant to Federal Rule of Civil Procedure 60(b). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, because Zaltz's reconsideration motion was not filed within 28 days of the district court's entry of judgment, her notice of appeal is timely as to the denial of the reconsideration motion but not as to the underlying judgment. *See "R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 121-22 & n.5 (2d Cir. 2008); *Branum v. Clark*, 927 F.2d 698, 704 (2d Cir. 1991). We review the district court's denial of a motion for reconsideration under Rule 60(b) for abuse of discretion. *Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011). "A court abuses its discretion when (1) its decision rests on an error of law or a clearly erroneous factual finding; or (2) cannot be found within the range of permissible decisions." *Id.*

Here, an independent review of the record and relevant case law reveals that the district court did not abuse its discretion in denying reconsideration, as Zaltz had made only conclusory allegations of disability before judgment was entered and did not present with any particularity evidence of her mental illness and how it interfered with bringing her claims. Additionally, although it appears that a supervisor may actually have contacted Zaltz by email after she was fired, Zaltz has provided only one email substantiating this claim, in which the supervisor does not engage in harassing conduct. In any case, this email was not a part of the record below, and it cannot be considered now. *See Int'l Bus. Machs. Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975).

The district court also correctly determined that Zaltz's complaint did not raise a Title VII claim, and appropriately corrected its earlier order on that topic. Even assuming that Zaltz intended to file a Title VII claim, however, this claim cannot proceed because Zaltz did not file a timely complaint with the EEOC. Equitable tolling of the time to file an EEOC complaint generally requires that a plaintiff act with reasonable diligence during the period she seeks to have tolled. *See Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003). The district court's conclusion that Zaltz did not do so in pursuing her state law claims applies with equal force to its conclusion that she did not do so with respect to her federal claims.

2

Zaltz also raises several new arguments for the first time on appeal which we decline to consider here. *See In re Flanagan*, 503 F.3d 171, 182 (2d Cir. 2007). We have considered all of Zaltz's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk