13-639(L)
Ayazi v. N.Y.C. Dep't of Educ.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of January, two thousand fourteen.

PRESENT:  REENA RAGGI,
             DENNY CHIN,
             CHRISTOPHER F. DRONEY,
               *Circuit Judges.*

_____

MARYAM AYAZI,

              *Plaintiff-Appellant*,

      v.                               No. 13-639-cv(L);
                                    No. 13-641-cv(con)

NEW YORK CITY DEPARTMENT OF EDUCATION,

              *Defendant-Appellee.*

_____

APPEARING FOR APPELLANT:     MARYAM AYAZI, <u>pro se</u>, Elmhurst, New York.

FOR APPELLEE:                Tahirih M. Sadrieh, Edward F. X. Hart, Jane Anderson, *for* Michael A. Cardozo, Corporation Counsel for the City of New York, New York, New York.

Appeals from the judgments of the United States District Court for the Eastern District of New York (Margo K. Brodie, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments of the district court are AFFIRMED.

In these consolidated cases, pro se plaintiff Maryam Ayazi appeals from adverse judgments in related actions alleging discrimination and retaliation in employment in violation of the Americans with Disabilities Act ("ADA"), see 42 U.S.C. § 12101 et seq., and the Due Process Clause of the Fourteenth Amendment, see 42 U.S.C. § 1983. Ayazi's first action, initiated in 1998 (the "1998 Action"), was resolved against her at trial, and her second action, filed in 2008 (the "2008 Action"), was thereafter dismissed on the defense's motion. We assume the parties' familiarity with the underlying facts and the procedural history of the case, which we reference only as necessary to explain our decision to affirm.

1.    Inability To Pursue § 12112(d)(4)(A) Claim

Ayazi argues that the district court erroneously prevented her from presenting an ADA challenge to medical testing, see 42 U.S.C. § 12112(d)(4)(A), in her 1998 Action, and then improperly ruled her "precluded" from pursuing that claim in her 2008 Action.

Her first argument fails because the district court correctly found that Ayazi had not raised a medical testing challenge in her 1998 complaint. Accordingly, Ayazi's attempt to press that claim at trial effectively constituted a request to amend. We review a denial of leave to amend for abuse of discretion. See Hutchison v. Deutsche Bank Sec. Inc., 647 F.3d 479, 490 (2d Cir. 2011). We identify no such abuse here given that Ayazi

2

raised the medical testing issue only two weeks before trial of the 1998 Action, and the addition of the new claim would prejudice defendant insofar as it required additional evidence and, possibly, motion practice. See Ruotolo v. City of New York, 514 F.3d 184, 192 (2d Cir. 2008) ("Undue prejudice arises when an amendment [comes] on the eve of trial and would result in new problems of proof." (internal quotation marks omitted)).

Although Ayazi now asserts that the district court ignored her multiple earlier attempts to amend her 1998 complaint, the implication that she attempted to add a new ADA claim under 42 U.S.C. § 12112 is without foundation in the record. Specifically, she did not reference that theory of relief in any of the documents she identifies in her brief as attempts to amend her complaint, none of which were styled as motions and only one of which referenced an amended complaint.

As for the district court's dismissal of Ayazi's 2008 Action, our standard of review is de novo, accepting all factual allegations in the complaint as true and drawing all inferences in Ayazi's favor. See Famous Horse Inc. v. 5th Ave. Photo Inc., 624 F.3d 106, 108 (2d Cir. 2010). Even when we construe her complaint in the 2008 Action to raise a 42 U.S.C. § 12112(d)(4)(A) claim, however, we must conclude that the claim was properly dismissed as time-barred. In her amended complaint, Ayazi identified only two instances when defendants required her to undergo a medical examination: once in 1996 before she received her first teaching license, and once in 1999 when she requested an accommodation in connection with a part-time teaching position. Because Ayazi did not file her second charge with the Equal Employment Opportunity Commission ("EEOC") until December 2006, any § 12112(d)(4)(A) claim that she sought to raise in the 2008

3

Action fell well outside the ADA's 300-day limitations period. See Butts v. N.Y. Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993) ("When a plaintiff fails to file a timely charge with the EEOC, the claim is time-barred."); See also Zerilli-Edelglass v. N.Y.C. Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003) (affirming dismissal of plaintiff's ADA claim as time-barred for failure to file EEOC complaint within 300-day limitations period).

2.      Sufficiency of Trial Evidence

Ayazi's second argument on appeal, that defendant's "affirmative defense" at trial in the 1998 Action was "false," challenges the district court's denial of her Rule 50 motion. See Fed. R. Civ. P. 50(a)(1) (permitting court to set aside jury verdict upon finding that "a reasonable jury would not have a legally sufficient evidentiary basis to find" as it did). While we review de novo a party's claim that it was entitled to judgment as a matter of law, see Highland Capital Mgmt. LP v. Schneider, 607 F.3d 322, 326 (2d Cir. 2010), in doing so, we view the evidence in the light most favorable to the jury verdict. See Zellner v. Summerlin, 494 F.3d 344, 370 (2d Cir. 2007) (holding that in examining evidence as a whole, court "must disregard all evidence favorable to the moving party that the jury is not required to believe." (internal quotation marks and emphasis omitted)).

When we do that here in our independent review of the trial evidence, we agree with the district court that the defendant presented ample evidence that the "R" notation placed on the medical screen of Ayazi's records in defendant's computerized human resources database had no effect on the validity of her teaching licenses. On appeal,

4

Ayazi identifies perceived inconsistencies in the testimony of the Appellee's witnesses, most of which appear to stem from confusion regarding the differences between notations appearing on Ayazi's actual teaching licenses and notations on the Appellee's computerized database. Because the jury was "free to believe part and disbelieve part of any witness's testimony," it cannot be said, even in light of the inconsistencies Ayazi identifies, that the jury was "compelled" to rule in her favor. Id. at 371 (internal quotation marks and emphasis omitted). Accordingly, we affirm for substantially the reasons set forth by the district court in its February 4, 2013 order denying Ayazi's Rule 50 motion.

3.      Jury Instruction

Finally, Ayazi argues that the district court improperly instructed the jury in the 1998 Action that, when deciding whether the defendant constructively revoked her teaching licenses, it was required to consider the licenses collectively, rather than individually. This argument challenges the district court's denial of Ayazi's motion for a new trial pursuant to Fed. R. Civ. P. 59. Although generally we review the denial of a Rule 59 motion for abuse of discretion, when the basis for the motion is an erroneous jury instruction, our review is de novo. See Velez v. City of New York, 730 F.3d 128, 134 (2d Cir. 2013). Here, however, we review Ayazi's instruction challenge only for plain error because she failed to raise this objection in the district court. See Henry v. Wyeth Pharms., 616 F.3d 134, 152 (2d Cir. 2010).

In denying Ayazi's Rule 59 motion, the district court correctly concluded that the challenged instructions were not plainly erroneous because considering the two licenses

5

separately was inconsistent with the theory Ayazi presented at trial. Ayazi has not raised any specific arguments on appeal contesting this conclusion, and we therefore affirm for substantially the reasons set forth by the district court in its February 4, 2013 order.

We have considered all of Ayazi's remaining arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgments of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6