Ighile v. Kingsboro ATC

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand fourteen.

PRESENT:
> PIERRE N. LEVAL,
> ROSEMARY S. POOLER,
> DENNY CHIN,
> > *Circuit Judges.*

---

Osaretin Ighile,

> *Plaintiff-Appellant*,

> v.                                              12-3770

Kingsboro ATC, OASAS NYS, Joseph Pais,

> *Defendants-Appellees*.

---

| | |
|---|---|
| **FOR PLAINTIFF -APPELLANT:** | Osaretin Ighile, *pro se*, Brooklyn, NY. |
| **FOR DEFENDANTS -APPELLEES:** | David Lawrence III, Assistant Solicitor General, New York State Office of the Attorney General, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Townes, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Osaretin Ighile, proceeding *pro se*, appeals the district court's grant of summary judgment in favor of Appellees with respect to his claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003). We are required to resolve all ambiguities and draw all inferences in favor of the nonmovant; the inferences to be drawn from the underlying facts revealed in materials such as affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the nonmoving party. *See Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc.*, 182 F.3d 157, 160 (2d Cir. 1999) (citing *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995)). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

We review a district court's decision to deny equitable tolling for abuse of discretion. *See Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 81 (2d Cir. 2003). We also review for

2

abuse of discretion a district court's decision regarding whether to exercise supplemental jurisdiction. *See Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 726-27 (2d Cir. 2013).

Here, an independent review of the record and relevant case law reveals that the district court properly granted summary judgment. We affirm for substantially the same reasons stated by the district court in its thorough September 11, 2012 decision. In particular, we note that even if we considered the circumstances that conspired to prevent Ighile from receiving his right to sue letter until October 27, 2007 extreme enough to warrant equitable tolling, Ighile still would have been required to file this action on or before January 25, 2008, which he failed to do.

We have considered all of Ighile's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3