Sunita DESWAL, Pars Singh, Plaintiffs–Appellants,

v.

US NATIONAL ASSOCIATION, as Trustee Morgan Stanley Mortgage Loan Trust 200616AX Mortgage Pass-Through Certificates, Series 200616AX, Ideal Mortgage Bankers Ltd., DBA Lend America, General Motors Acceptance Corporation, AKA GMAC Mortgage, Saxon Mortgage Services, Inc., Ocwen Financial Corporation, Defendants–Appellees.

No. 14–2169–cv.

United States Court of Appeals,
Second Circuit.

March 12, 2015.

Regina Felton, Felton & Associates, Brooklyn, NY, for Appellants.

Kathleen McClure Massimo, Houser & Allison, APC, New York, N.Y. (for U.S. National Association and Ocwen Financial Corporation); Joy Harmon Sperling and Erick M. Sandler, Day Pitney LLP, Hartford, CT and Parsippany, NJ (for Saxon Mortgage Services, Inc.), for Appellees.

PRESENT: GUIDO CALABRESI, PETER W. HALL, Circuit Judges, JED S. RAKOFF,* District Judge.

## SUMMARY ORDER

Plaintiffs–Appellants Pars Singh and Sunita Deswal, husband and wife, appeal from a district court judgment dismissing their complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that the complaint was time barred and that equitable tolling was not warranted. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002). To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "Although the statute of limitations is ordinarily an affirmative defense that must be

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of    New York, sitting by designation.

raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n. 12 (2d Cir.2014) (citing *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir.2008)); *see also* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1226 (3d ed. 2004) ("[T]he current trend in the cases is to allow [the statute of limitations defense] to be raised by a motion to dismiss under Rule 12(b)(6) when the defect appears on the face of the complaint.").

"We review a district court's decision to deny equitable tolling for abuse of discretion." *Zerilli–Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 81 (2d Cir.2003). "Under federal common law, a statute of limitations may be tolled due to the defendant's fraudulent concealment if the plaintiff establishes that: (1) the defendant wrongfully concealed material facts relating to defendant's wrongdoing; (2) the concealment prevented plaintiff's discovery of the nature of the claim within the limitations period; and (3) plaintiff exercised due diligence in pursuing the discovery of the claim during the period plaintiff seeks to have tolled." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 157 (2d Cir.2012) (internal quotation marks omitted). "To qualify for equitable tolling, a plaintiff must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in the way of his bringing a lawsuit." *Ellul*, 774 F.3d at 801 (internal quotation marks and alteration omitted); *see Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir.2007) ("Under New York law, the doctrines of equitable tolling or equitable estoppel may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action.") (internal quotation marks omitted).

Plaintiffs do not dispute that their complaint against Defendants, their mortgage originator and its successors in interest, asserting fraud and violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*, the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639, and New York Banking Law § 6–1, was time barred. Instead, Plaintiffs contend that the district court erred in finding that equitable tolling of the various statutes of limitations was not warranted on the basis of fraudulent concealment.

We conclude that the district court did not abuse its discretion in finding that equitable tolling was not warranted because Plaintiffs could not show (1) that Defendants' use of the Mortgage Electronic Registration Systems prevented Plaintiffs from discerning the nature of their claims or (2) that Plaintiffs pursued their claims with the requisite diligence. *See Koch*, 699 F.3d at 157. The district court properly observed that Plaintiffs had sufficient information to sue the originator of their mortgages, Defendant Ideal Mortgage Bankers Ltd., d/b/a Lend America, whose identity was always known to Plaintiffs, but failed to do so for more than six years after their mortgages were originated. During oral argument on the motion to dismiss, moreover, Plaintiffs indicated that they were aware of the other Defendants' identities because Plaintiffs received bills from those Defendants and made mortgage payments to them. Plaintiffs also conceded that they did not act sooner because they were attempting to pay their mortgages. On this record, we find that the district did not err in dismissing Plaintiffs' complaint under Rule 12(b)(6).

We have considered all of the arguments raised by Plaintiffs on appeal and find them to be without merit. For the reasons stated above, the judgment of the district court is **AFFIRMED**.