17-1166-cv
*Abdelal v. Kelly, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21ˢᵗ day of February, two thousand eighteen.

PRESENT:   JOHN M. WALKER, JR.,
           GERARD E. LYNCH,
           DENNY CHIN,
                   *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MOHAMED ABDELAL,

           *Plaintiff-Appellant,*

           v.                                           17-1166-cv

POLICE COMMISSIONER RAYMOND W.
KELLY, CITY OF NEW YORK,

           *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:          DEBRA L. GREENBERGER, Elizabeth
                                  Sykes Saylor, Emery Celli Brinckerhoff
                                  & Abady LLP, New York, New York,
                                  and Christopher Q. Davis, The Law

Office of Christopher Q. Davis, PLLC,
New York, New York.

FOR DEFENDANT-APPELLEE: SUSAN P. GREENBERG, Senior
Counsel (Richard Dearing, Claude S.
Platton, Assistant Corporation Counsels,
*on the brief*), *for* Zachary Carter,
Corporation Counsel of the City of New
York, New York, New York.

Appeal from the judgment of the United States District Court for the Southern District of New York (Carter, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings.

Plaintiff-appellant Mohamed Abdelal appeals from a judgment entered April 24, 2017, in favor of defendants-appellees Police Commissioner Raymond W. Kelly and the City of New York. By memorandum-decision and order entered that same day, the district court granted defendants-appellees' motion for summary judgment and dismissed the complaint in this employment discrimination case. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Abdelal is a former police officer who worked for the New York Police Department ("NYPD") from 2006 until he was fired in 2013. He is a naturalized United

2

States citizen who was born in Egypt and is Muslim.  During the course of his employment, he was investigated for and eventually charged (in administrative disciplinary proceedings) with eleven specifications of misconduct.  He pleaded guilty to seven of them, and disputed four.  The alleged misconduct included the following:

- In September 2007, Abdelal failed to properly search a prisoner under his supervision and failed to properly maintain a prisoner roster.  He disputed that he failed to properly search the prisoner.

- In March 2008, Abdelal visited Hudson County Correctional Facility while he was off-duty.  He told a corrections officer that he was there to visit an inmate, Eslam Gadou, as part of an INTERPOL investigation, when in reality he was there to talk to Gadou on behalf of a friend who was a victim of Gadou's fraud.  Abdelal disputed that he represented he was with INTERPOL.

- In July 2008, while on sick leave, Abdelal traveled to Las Vegas, Nevada, in violation of NYPD rules.

- Abdelal moved to New Jersey without notifying his commanding officer.

- Abdelal worked another job without the requisite off-duty employment approval.

3

The NYPD Advocate's Office ("DAO") filed disciplinary charges against Abdelal on September 5, 2008, August 17, 2009, September 3, 2009, and November 1, 2011. Abdelal first learned that he was being investigated on May 20, 2009, when IAB interviewed him with respect to his visit to the correctional facility. DAO proposed a pre-trial plea of a 60-day suspension and dismissal probation for one year. Kelly, however, rejected the proposed plea and proposed an alternative plea pursuant to which Abdelal would be required to file for vested retirement. Abdelal rejected this plea offer and chose to go to trial.

After a five-day trial, Deputy Commissioner of Trials Martin G. Karopkin submitted a recommendation to Kelly in which he found Abdelal guilty of nine charges, dismissed two charges, and recommended a penalty of one-year dismissal probation and forfeiture of 45 vacation days. Kelly adopted the factual findings but rejected the penalty, and instead offered a negotiated penalty that would require Abdelal to immediately file for vested retirement. Abdelal rejected the proposed penalty and Kelly terminated him effective January 29, 2013.

Abdelal filed a charge with the EEOC in March 2013. In May 2013, Abdelal commenced a state court proceeding challenging his termination pursuant to Article 78 of the New York Civil Practice Laws and Rules. He alleged that Kelly's

4

decision to reject the proposed punishment and terminate him was not supported by substantial evidence and was arbitrary, capricious, unduly harsh, and discriminatory. On June 16, 2014, the Article 78 proceeding was transferred to the Appellate Division, First Department. On March 17, 2016, the First Department upheld Abdelal's termination and denied his Article 78 Petition.

While the Article 78 proceeding was pending, on June 21, 2013, Abdelal filed this lawsuit in the district court claiming that the defendants discriminated against him and subjected him to a hostile work environment because of his (1) Egyptian national origin, (2) Arab ancestry, and (3) Muslim religion. The complaint included fourteen causes of action under 42 U.S.C. § 1981, 42 U.S.C. § 2000 *et seq.* ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). On July 6, 2016, the defendants moved for summary judgment. The district court granted the motion and dismissed the complaint. The district court held that: (1) Abdelal's disparate treatment claims based on his termination were "barred by res judicata"; and (2) his hostile work environment claims were time-barred. Spec. App. 12-15. This appeal followed.

5

On appeal, Abdelal argues that the district court erred in holding that the state court Article 78 proceeding precluded his discrimination claims and that his hostile work environment claims were untimely.

## I.      Preclusion of Discrimination Claims

The district court granted summary judgment on Abdelal's disparate treatment claims on the ground that they were precluded by the First Department's Article 78 decision.  To the extent the district court relied on the doctrine of res judicata (claim preclusion), which "bars an action if the plaintiff *could have raised* the claim in a prior proceeding," even if he did not, its decision was in error, because that doctrine "generally does not operate to bar a § 1983 suit following the resolution of an Article 78 proceeding, since the full measure of relief available in the former action is not available in the latter." *Colon v. Coughlin*, 58 F.3d 865, 870 n.3 (2d Cir. 1995) (emphasis added); *see also Vargas v. City of New York*, 377 F.3d 200, 205 (2d Cir. 2004).

Nor are Abdelal's claims barred by collateral estoppel (issue preclusion). That doctrine applies only if "(1) the issue in question was *actually and necessarily decided* in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Colon*, 58 F.3d at 869 (emphasis added).  "The party asserting [collateral estoppel] bears the burden of

6

showing that the identical issue was previously decided, while the party against whom the doctrine is asserted bears the burden of showing the absence of a full and fair opportunity to litigate in the prior proceeding." *Id.* We review a district court's collateral estoppel determination *de novo. Id.*

Here, defendants do not meet their burden of showing that the identical issues had been decided in the Article 78 proceeding. Indeed, the district court explicitly noted that Abdelal had *not* raised his race and religion claims of discrimination in the Article 78 proceeding. Moreover, it is not apparent that any issue with respect to discrimination was "actually" decided in the Article 78 proceedings, as the First Department made no mention of any discrimination claim in its decision dismissing the Article 78 petition. The fact that the First Department concluded that the administrative record contained "substantial evidence to support the finding that petitioner engaged in conduct prejudicial to the good order, efficiency and discipline of the NYPD," App. 704-05, does not mean that the court considered and rejected Abdelal's claims that he was subjected to harassment and disproportionate punishment for discriminatory reasons. *See Vargas*, 377 F.3d at 206 ("While it is true that the Article 78 court passed upon the propriety of Vargas's termination, this acknowledgment does not demonstrate that the court 'actually and necessarily' decided an issue that was never

7

presented to it, even if that issue touched, in a general sense, on the propriety of the termination.").

That Abdelal made a conclusory reference to discrimination in his Article 78 papers does not affect our conclusion. The First Department could reasonably have determined that Abdelal had not adequately raised a claim of discrimination, and given its silence on the issue, it is far from "quite clear" that the First Department rejected such a claim on the merits. *Colon*, 58 F.3d at 869; *see also Weston v. Cornell Univ.*, 983 N.Y.S.2d 353 (3d Dep't 2014) (holding that collateral estoppel did not bar later gender discrimination claims where plaintiff had simply referenced discrimination in her Article 78 petition, the "thrust" of her Article 78 challenge concerned other issues, and the Article 78 court did not expressly address discrimination).

Accordingly, we conclude that the district court erred in holding that Abdelal's discrimination claims are precluded by the Article 78 proceeding.

## II. Timeliness of Hostile Work Environment Claims

We also agree that the district court erred in finding Abdelal's hostile work environment claims untimely.

The district court analyzed timeliness based solely on the IAB investigation that concluded on September 30, 2009. But Abdelal presented evidence of

8

alleged harassment after that date. He contends that the Level II performance monitoring, which continued until September 2012, and the integrity tests in July 2010 and February 2011 are all part of his claims that there was a pattern of harassing conduct. "[C]onsideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, is permissible for the purpose of assessing liability, so long as an act contributing to that hostile environment takes place within the statutory time period." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002).

Properly construed, Abdelal's hostile work environment claims concern a pattern of behavior that lasted until September 2012, bringing the claims within all of the relevant limitations periods. *See Zerilli-Edelgalss v. N.Y.C. Transit Auth.*, 333 F.3d 74, 76 (2d Cir. 2003) (construing Title VII limitations period for hostile work environment claims); N.Y. Exec. Law § 297(9) (establishing statute of limitations for claims under NYSHRL); N.Y.C. Admin. Code § 8-502(d) (establishing limitations period for NYCHRL).[1]

---

1    We need not address whether Abdelal's § 1981 claim is subject to the statute's four-year statute of limitations or the shorter statute of limitations that governs § 1983. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989) ("[T]he express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units."). Whether construed as a stand-alone § 1981 claim or a § 1983 claim that vindicates the rights guaranteed in § 1981, the claim is timely either way.

9

Accordingly, we conclude that the district court erred in dismissing Abdelal's hostile work environment claims as untimely.

. . .

Defendants ask this Court to affirm on the alternative ground that they were entitled to summary judgment on the merits because Abdelal failed to demonstrate a triable issue of fact as to whether he was fired for a discriminatory reason or subject to a hostile work environment. We decline to reach the argument as the district court based its summary judgment rulings only on the issues of preclusion and timeliness. We remand the case to the district court to consider, in the first instance, the merits of the claims, as to which we express no view.

We have considered Abdelal's remaining arguments and find them to be without merit. Accordingly, we **VACATE** the judgment and **REMAND** the case for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

10