24-710-cv
Hall v. Reliant Realty Servs.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand twenty-five.

PRESENT:  GUIDO CALABRESI,
RAYMOND J. LOHIER, JR.,
ALISON J. NATHAN,
*Circuit Judges*.

------------------------------------------------------------------

DEAN HALL,

*Plaintiff-Appellant*,

v.                                                                          No. 24-710-cv

RELIANT REALTY SERVICES,
SERVICE EMPLOYEES
INTERNATIONAL UNION,

*Defendants-Appellees.*

------------------------------------------------------------------

FOR APPELLANT:                          Dean Hall, *pro se*, Brooklyn,
                                        NY

FOR APPELLEE RELIANT REALTY             Stuart Weinberger,
SERVICES:                               Weinberger & Weinberger,
                                        LLP, New York, NY

FOR APPELLEE SERVICE EMPLOYEES          Andrew L. Strom, Office of
INTERNATIONAL UNION, LOCAL              the General Counsel, SEIU
32BJ:                                   Local 32BJ, New York, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Hector Gonzalez, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the District Court's judgment is AFFIRMED.

Plaintiff-Appellant Dean Hall, proceeding *pro se*, appeals from a March 6, 2024 judgment of the United States District Court for the Eastern District of New York (Gonzalez, *J.*) dismissing his claims under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, against Defendants-Appellees Reliant Realty Services ("Reliant") and Service Employees International Union, Local 32BJ ("the Union") for failure to state a claim upon which relief can be granted.  We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Miller v. Metro. Life. Ins. Co.*, 979 F.3d 118, 121 (2d Cir. 2020) (quotation marks omitted).

Hall first argues that the District Court erred when it dismissed his ADA claim against Reliant as time barred. We disagree. In New York, a plaintiff alleging an ADA violation has 300 days from the date of the allegedly discriminatory act to file a charge with the Equal Employment Opportunity Commission ("EEOC"). *See Harris v. City of New York*, 186 F.3d 243, 247 & n.2 (2d Cir. 1999); 42 U.S.C. §§ 2000e-5(e)(1), 12117(a). The District Court correctly concluded that Hall did not meet this 300-day deadline. In his December 2, 2022 EEOC charge, Hall asserted that the "most recent [discriminatory] job action" that he suffered occurred on November 16, 2021, which was more than 300 days prior to the charge. Supp. App'x 16. Hall contends for the first time on appeal that his EEOC deadline should have been equitably tolled in light of his mental health issues, but he had an opportunity to make the same argument before the District Court. We will not consider an argument raised for the first time on appeal, even when the argument is made by a *pro se* litigant. *See Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003).

3

Hall further explains that he missed the EEOC's 300-day deadline because the Union was slow to process his grievance against Reliant and failed to advise him about the deadline. We again decline to consider this argument because Hall raises it for the first time on appeal. *Id.*

We have considered Hall's remaining arguments and conclude that they are without merit. For the foregoing reasons, the District Court's judgment is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4