13-3704-cv
*Kelly v. City of New York*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of August, two thousand fourteen.

PRESENT:

JOSÉ A. CABRANES,
CHESTER J. STRAUB,
DEBRA ANN LIVINGSTON,
            *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ALBERT KELLY, MICHAEL FLYNN, AJAMA JABARI BEY, WAYNE BOLLIN BEY, NTCHWAIDUMELA BEY, ZAIMAH EL,

            *Plaintiffs-Appellants,*

            -v.-                                                                    No. 13-3704-cv

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF CORRECTIONS, INSPECTOR GENERAL MICHAEL CARUSO, Individually and as Inspector General of the New York City Department of Investigations, NICHOLAS KAISER, Individually and as Attorney for the DOC Office of Trials and Litigation, COMMISSIONER BERNARD B. KERIK, Individually and as Commissioner of the New York City Department of Corrections,

            *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

1

| | |
|---|---|
| **FOR PLAINTIFFS-APPELLANTS:** | Irene Donna Thomas, Thomas & Associates, Brooklyn, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Zachary Carter, Corporation Counsel of the City of New York, Larry A. Sonnenshein, Mordecai Newman, Of Counsel, New York, NY. |

Appeal from the September 9, 2009 judgment of the United States District Court for the Southern District of New York (Lawrence M. McKenna, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 9, 2009 judgment of the District Court be **AFFIRMED**.

Plaintiffs-Appellants Albert Kelly, Michael Flynn, Ajama Jabari Bey, Wayne Bollin Bey, Ntchwaidumela Bey and Zaimah El, former corrections officers at the New York City Department of Corrections, appeal the decision of the District Court granting summary judgment for defendants on plaintiffs' 42 U.S.C. § 1983 claims, on the basis that the claims were barred by the three-year statute of limitations. We assume familiarity with the factual and procedural history of the case and the issues on appeal.

We review an order of a district court granting summary judgment *de novo*. *Mullins v. City of New York*, 653 F.3d 104, 113 (2d Cir. 2011). To survive summary judgment, a plaintiff must produce "specific facts" showing that there is a genuine dispute as to a material fact, requiring a trial. *Niagara Mohawk Power Corp. v. Jones Chem. Inc.*, 315 F.3d 171, 175 (2d Cir. 2003); *see also* Fed R. Civ. P. 56(c). In New York, § 1983 actions must be brought within three years of the accrual of the claim. *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009). A claim under § 1983 accrues "when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action." *Singleton v. City of New York*, 632 F.2d 185, 192 (2d Cir. 1980).

Plaintiffs filed this action on February 23, 2004. In short, they claim that they were more severely disciplined, in connection with their filing of certain tax forms, than other, similarly situated corrections officers who did not identify as members of the Moorish American religion. Plaintiffs claim that the disciplinary action violated their First Amendment right to freedom of association, and their Fourteenth Amendment right to due process and equal protection under the United States Constitution.

Plaintiffs do not dispute that defendants' allegedly unlawful conduct relating to the disciplinary action ended in 1998. Instead, they argue that defendants concealed the fact that plaintiffs' identification as Moorish Americans had been a factor in defendants' disciplinary decisions. Accordingly, plaintiffs claim that they did not know that they had a due process cause of action premised on the theory that they were not provided with the "true reasons" for their

discipline and termination until December 2003, when this fact was disclosed. Therefore, they claim, the statute of limitations should have been tolled until December 2003.

The District Court concluded that, in the circumstances presented, tolling the statute of limitations was not appropriate because plaintiffs had not been "prevented in some extraordinary way from [timely] exercising [their] rights." *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (internal quotation marks omitted). We review the decision to deny equitable tolling for abuse of discretion. *Id.* at 81.

We have explained that "[e]quitable tolling is generally considered appropriate where the plaintiff . . . was unaware of his or her cause of action due to misleading conduct of the defendant." *Id.* at 80 (internal quotation marks omitted). SPA 22-23. Plaintiffs filed a lawsuit in 2001 ("*Kelly I*"), based on the same set of facts, alleging that the real reason they were fired was "on account of their race, religion and/or creed." *Kelly v. City of New York*, No. 01 Civ. 8906 (AGS), 2002 WL 1482795, *5 (S.D.N.Y. July 9, 2002). This shows that plaintiffs believed, no later than 2001, that their identification as Moorish Americans had been a factor in defendants' disciplinary decisions.[1] We agree with the District Court that plaintiffs were not prevented from timely exercising their rights, as evidenced by the fact that they did exercise those rights in *Kelly I*. It was not, therefore, error or abuse of discretion to deny equitable tolling and find that the instant claims are barred under the three-year statute of limitations.

## CONCLUSION

We have considered the remainder of plaintiffs' arguments and find them to be without merit.[2] For the reasons set out above we **AFFIRM** the September 9, 2009 judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] To the extent that plaintiffs premise their argument for equitable tolling on our statement that equitable tolling may be appropriate"where the plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time period," *Zerilli-Edelglass*, 333 F.3d at 80, this argument is also without merit. Plaintiffs have identified no deficiency in the pleadings as a result of defendants' conduct or otherwise.

[2] Plaintiffs also contend that: (1) the District Court abused its discretion by denying plaintiffs' motion to strike and to deem plaintiffs' Local Rule 56.1 Statement admitted where defendants' Rule 56.1 responses were general denials and admissions that did not meet the substance of plaintiffs allegations; and (2) the District Court erred in denying plaintiffs' cross motion for summary judgment on plaintiffs' due process claims. We find no error or abuse of discretion in either of these decisions.