**Soraya Rojas GONZALEZ, Plaintiff–Appellant,**

v.

**WEIL, GOTSHAL & MANGES, LLP, Kevin Maggerty, Kathy Ortiz, Barbara Smith, Tyra Bowens, Defendants–Appellees.**

No. 14–1583.

United States Court of Appeals, Second Circuit.

June 16, 2015.

---

Soraya Rojas Gonzalez, Forest Hills, NY, pro se.

Louis P. DiLorenzo, Bond, Schoeneck & King PLLC, New York, NY, for Defendants–Appellees.

Present: RICHARD C. WESLEY, PETER W. HALL and DENNY CHIN, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Appellant Soraya Rojas Gonzalez, proceeding *pro se*, appeals the district court's judgment dismissing her Americans with Disabilities Act complaint. The district court ruled that Gonzalez did not timely file a charge of discrimination with the Equal Employment Opportunity Commission and had not demonstrated her entitlement to equitable tolling. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the dismissal of a complaint de novo, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002). Gonzalez does not argue that her administrative charge was timely filed and has therefore abandoned any challenge to the district court's ruling that it was untimely. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir.1995). We review the denial of equitable tolling for abuse of discretion. *See Zerilli–Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 81 (2d Cir.2003).

Our review of the record reveals no abuse of discretion in the court's denial of equitable tolling. We affirm for substantially the reasons stated by the district court in its thorough April 30, 2014, memorandum.

We have considered all of Gonzalez's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.