19-336
*McPartlan-Hurson v. Westchester Cmty. Coll.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand twenty.

**PRESENT:**
> **PETER W. HALL,**
> **RAYMOND J. LOHIER, JR.,**
> **MICHAEL H. PARK,**
> *Circuit Judges.*

---

MARY J. McPARTLAN-HURSON,

> *Plaintiff-Appellant,*

> v.                                                                       No. 19-336-cv

WESTCHESTER COMMUNITY COLLEGE,
WESTCHESTER COUNTY,

*Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:        Mary J. McPartlan-Hurson, pro se,
                                Yorktown Heights, NY.


FOR DEFENDANTS-APPELLEES:        Justin R. Adin, Associate County
                                Attorney, *for* John M. Nonna,
                                Westchester County Attorney, White
                                Plains, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Román, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Mary J. McPartlan-Hurson sued her former employer, Westchester Community College ("WCC") and Westchester County (collectively, the "Defendants"), under Title VII and the Americans with Disabilities Act ("ADA") for discrimination and retaliation.  She alleged that she was denied a fellowship in May 2009 based on her race and disability (the "fellowship claims") and then was fired in December 2009 for complaining about the denial (the "retaliation claims").  She filed an intake questionnaire with the Equal Employment Opportunity Commission ("EEOC") on March 31, 2010, a Charge of

Discrimination with the New York State Division of Human Rights on July 19, 2010, and a second, amended charge on March 25, 2011. The district court granted summary judgment to the Defendants on the fellowship claims because McPartlan-Hurson failed timely to exhaust her administrative remedies with respect to these claims. It denied summary judgment on the retaliation claims, and a jury later found for the Defendants. McPartlan-Hurson, now proceeding pro se, appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment de novo, drawing all factual inferences in favor of the non-moving party, to determine whether the district court properly concluded that there was no genuine dispute as to any material fact and that the moving party was entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012).

The Defendants argue that McPartlan-Hurson has waived her argument concerning the timeliness of her EEOC charge by failing to argue it in the district court. While we "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam)

(internal quotation marks omitted), we will not typically address issues raised for the first time on appeal, *see, e.g.*, *Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016).

Before the district court, McPartlan-Hurson had the opportunity to rebut the Defendants' argument that her EEOC charge with respect to her fellowship claims was untimely, but she did not do so. Instead, she argued that her racial discrimination claims were timely exhausted because her March 2011 charge related back to her July 2010 charge. She offers no reason, however, to depart from our rule that issues not raised in the district court are forfeited on appeal. *See Harrison*, 838 F.3d at 96.

Assuming, *arguendo*, that McPartlan-Hurson preserved this issue for appeal, her argument that she timely exhausted her administrative remedies with respect to the fellowship claims is meritless. Pursuant to Title VII and the ADA, a plaintiff must exhaust her administrative remedies by filing a charge with the EEOC within 300 days of a discriminatory act. *See* 42 U.S.C. §§ 2000e-5(e)(1) (Title VII enforcement procedures), 12117(a) (applying Title VII enforcement procedures to ADA claims). Claims concerning discrete acts outside this window will be time barred. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002). A

4

discrete act is one that "'occurred' on the day that it 'happened'" and can include "termination, failure to promote, denial of transfer, or refusal to hire." *Id.* at 110, 114.

Here, the denial of the fellowship is a discrete act because it occurred on a particular day: the day McPartlan-Hurson was notified of her rejection. *See id.* at 110. Although there is no evidence in the record specifying the exact day that McPartlan-Hurson received her rejection, she stated that she received it in May 2009; the absolute latest she could have received this rejection was on May 31, 2009. Therefore, McPartlan-Hurson had to file an EEOC charge within 300 days of May 31, 2009—by March 29, 2010.[1] *See* 42 U.S.C. §§ 2000e-5(e)(1), 12117(a). Even if we assume that the March 31, 2010 intake questionnaire is a charge for the purpose of exhaustion, it was not timely filed. Moreover, McPartlan-Hurson has offered no argument for why the late filing should be accepted. *See Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (explaining that equitable tolling of exhaustion time may apply, but only "in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights." (alteration, citation, and internal quotation marks omitted)).

---

[1] Three hundred days after May 31, 2009 was March 27, 2010, a Saturday. The next business day was March 29, 2010.

McPartlan-Hurson's other argument that the district court erred by characterizing her amended EEOC charge as a separate charge from the July 2010 charge is undeveloped, and thus we deem it waived. *See Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (internal quotation marks omitted)); *United States v. Griffin*, 2019 WL 5801712, at *3 (2d Cir. Nov. 7, 2019), *cert. denied, Griffin v. United States*, 2020 WL 873809 (U.S. Feb. 24, 2020) (holding the same where the appellant was pro se). In any event, even if we were to consider this argument and find that the court erred, any such error would be harmless because the fact that the district court referred to the amended charge as a separate filing did not affect McPartlan-Hurson's substantial rights. *See* Fed. R. Civ. P. 61.

We have reviewed the remainder of McPartlan-Hurson's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court