22-488-cv
Davis v. Power Auth. of N.Y.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand twenty-three.

PRESENT:

**GUIDO CALABRESI,**
**MICHAEL H. PARK,**
**EUNICE C. LEE,**
*Circuit Judges.*

_____

**Edward Francis Davis,**

*Plaintiff-Appellant,*

v.                                                                                  22-488

**Power Authority of the State of New York, Guy Sliker, Sangeeta Ranade, Rani Pollack, Kristine Pizzo, Paul Belnick, Justin Driscoll, Nancy Harvey, Gil C. Quiniones,**

*Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:                    Edward Francis Davis, pro
                                                                          se, New Windsor, NY.

FOR DEFENDANTS-APPELLEES:                Greg Riolo, Brian A.
                                                                          Bodansky, Jackson Lewis
                                                                          P.C., White Plains, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Edward Davis, proceeding pro se, appeals the district court's grant of summary judgment to Defendants on his discrimination and retaliation claims. Davis was hired by the Power Authority of the State of New York ("Power Authority") as a Senior Electrical Engineer in 2009, and he was fired in 2018. Davis alleges that he was fired from his position at the Power Authority because of an underlying medical condition, which required him to take time off under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"). The district court concluded that Defendants provided legitimate reasons for firing him—poor performance, failure to adequately communicate his absences, and misuse of a company credit card—and that Davis failed to show that those reasons were pretextual. *See Davis v. Power of Auth. of N.Y.*, No. 19-CV-792, 2022 WL 309200, at *11-14 (S.D.N.Y. Feb. 2, 2022). He appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's grant of summary judgment, construing the evidence in the light most favorable to the nonmoving party and drawing all inferences and resolving all ambiguities in favor of that party." *Tompkins v. Metro-N. Commuter R.R. Co.*, 983 F.3d 74, 78 (2d Cir. 2020) (cleaned up). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). We "liberally construe pleadings and briefs

2

submitted by pro se litigants . . . to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted).

**I.      Discrimination Claims**

Davis sued for disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), the Rehabilitation Act, 29 U.S.C. § 701 et seq., and the New York State Human Rights Law, N.Y. Exec. Law. § 290 et seq. ("NYSHRL").   The *McDonnell Douglas* burden-shifting framework applies to his claims.  *See Bey v. City of New York*, 999 F.3d 157, 165 (2d Cir. 2021) (ADA); *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 n.3 (2d Cir. 2006) (NYSHRL); *Teahan v. Metro-N. Commuter R.R. Co.*, 951 F.2d 511, 514 (2d Cir. 1991) (Rehabilitation Act).   A plaintiff must "establish a *prima facie* case of discrimination," after which "the burden of proof shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employer's conduct"; if the defendant does so, "the plaintiff must then demonstrate that the employer's assigned reason was a pretext or discriminatory in its application." *Fox v. Costco Wholesale Corp.*, 918 F.3d 65, 71 (2d Cir. 2019) (cleaned up).

Here, even assuming a prima facie case of discrimination, Defendants provided legitimate, non-discriminatory reasons for Davis's termination, and Davis fails to show that these reasons are pretextual.   To show pretext, Davis must "put forth adequate evidence to support a rational finding that the legitimate non-discriminatory reasons proffered by the employer were false, and that more likely than not the employee's [disability] was the real reason for the discharge." *See Holt v. KMI-Cont'l, Inc.*, 95 F.3d 123, 129 (2d Cir. 1996) (explaining the standard in the context of "sex or race" discrimination).

Defendants argue that Davis was fired for a pattern of poor performance, failure to communicate his absences, and misuse of his company credit card.[1] They point to record evidence of years of increasingly negative performance reviews, a warning letter about Davis's client communications, warning letters about Davis's lack of communication with his supervisors, and confirmation that Davis was warned about not using his company credit card for personal use. Defendants also showed that other employees who similarly misused their company credit cards were terminated. Davis, on the other hand, relies on his own characterizations of his work performance and his communication style, as well as his own understanding of how the credit card policy was meant to operate. He also claims that his supervisor complained about his FMLA leave.

In the face of the evidence provided by Defendants, Davis's explanations are insufficient to create a genuine issue of material fact on the core question of pretext. "While we must ensure that employers do not act in a discriminatory fashion, we do not sit as a super-personnel department that reexamines an entity's business decisions." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 169 (2d Cir. 2014) (internal quotation marks omitted). The remarks allegedly expressed by his supervisor about his disability and absences, which Davis could not recall with any specificity, were at most the kind of "stray remarks" that cannot alone, on this record, carry Davis's burden at summary judgment. *See Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 56 (2d Cir. 1998). In any case, the record reflects that the Power Authority continuously approved Davis's FMLA leave and

---

[1] Although only misuse of his company credit card was cited in the letter terminating Davis, the record indicates that all three issues were considered by the relevant decisionmakers. The written explanation is thus not an inconsistent or varying rationale that would create a genuine issue or inference supporting pretext. *See Roge v. NYP Holdings, Inc.*, 257 F.3d 164, 170 (2d Cir. 2001).

4

that Davis was given several warnings and performance reviews by his supervisors indicating how he needed to improve.

Thus, Davis has not put forth adequate evidence to support a rational finding that Defendants' justifications for his firing were pretextual, and the district court properly granted summary judgment dismissing his discrimination claims.

## II.    Retaliation Claims

The ADA prohibits retaliation against individuals who allege a violation of the ADA, and the "Rehabilitation Act and [NYSHRL] contain similar provisions against retaliation and are governed in this respect by the same standards as the ADA."   *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002).   These types of claims, as well as FMLA retaliation claims, all follow the *McDonnell Douglas* burden-shifting framework.   *See id.* at 719, 721; *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 429 (2d Cir. 2016).

For the reasons discussed above, Davis cannot show that the legitimate, non-retaliatory justifications for his termination were pretextual.   Defendants produced evidence that Davis's negative performance reviews and warnings began before he filed his 2014 and 2016 complaints about disability discrimination.    And for many years, the Power Authority continuously approved Davis's FMLA leave despite his performance issues.   The district court thus properly granted summary judgment to Defendants on Davis's retaliation claims.[2]

---

[2] We decline to address Davis's defamation claim and claims against the individual Defendants because he failed to raise them in his opening brief, *see Green v. Dep't of Educ. of N.Y.C.*, 16 F.4th 1070, 1074 (2d Cir. 2021), along with his argument that he should have been appointed counsel and his whistleblower claim, which he raises for the first time on appeal, *see Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003).

We have considered all of Davis's remaining arguments and find them to be without merit.

We accordingly **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court